UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

SHANTE STEPHENSON,

        Plaintiff,

v.

CAITO FOODS, LLC,
a Michigan limited liability company,

        Defendant.

Case No.: 1:21-cv-455-DRC
District Judge Douglas R. Cole

**RULE 26(f) REPORT OF PARTIES**

---

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 18, 2021, and was attended by:

    **Brendan J. Flaherty, counsel for Plaintiff Shante Stephenson,**

    **Bartholomew B. Torvik, counsel for Plaintiff Shante Stephenson,**

    **Alyssa L. Rebensdorf, counsel for Defendant Caito Foods, LLC,**

    **Joelle L. Groshek, counsel for Defendant Caito Foods, LLC,**

    **Ryan C. Edwards, counsel for Defendant Caito Foods, LLC.**

2. The parties:

    _X_  will exchange initial disclosures by **November 30, 2021**

3. The parties

    _X_  do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

4. Recommended cut-off date for filing of motions directed to the pleadings:

**November 23, 2021**

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

**December 17, 2021**

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

   **The present case involves an outbreak of *Salmonella* associated with fresh-cut fruit. Plaintiff alleges she contracted a *Salmonella* infection from Defendant's fruit which formed an ovarian abscess resulting in damage to her reproductive system and necessitating the removal of her right fallopian tube and ovary. Plaintiff asserts that the infection will impact her future fertility. Plaintiff anticipates discovery relating to the Defendant's food safety practices and policies leading to the contamination of its fresh-cut fruit products; the nature and extent of the outbreak and subsequent recall; and the Defendant's response, if any, to a prior outbreak and recall which also involved fresh-cut fruit and *Salmonella*. More specifically, Plaintiff intends on requesting documents relating to the public health investigations of both outbreaks; regulatory documents and communication from both outbreaks and recalls; and internal communications regarding the risks of *Salmonella* contamination and safety measures applicable to fresh-cut fruit. Plaintiff anticipates a Rule 30(b)(6) deposition of Defendant, as well as depositions of food safety and production personnel. Plaintiff needs very little discovery relating to liability to make a settlement evaluation and does not anticipate bringing dispositive motions at this time.**

   **The parties do anticipate the need for further discovery on the nature and extent of Plaintiff's injuries to make a settlement evaluation. Defendant expects to take Plaintiff's deposition, as well as depositions of one or more of Plaintiff's treating health care providers, and Plaintiff's experts. An independent medical examination by a fertility expert is contemplated.**

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

**Plaintiff seeks no change in the limitations on discovery at this time. Defendant requests a presumptive limitation on requests for production of 100 requests, with leave to seek additional requests if needed.**

c. Additional recommended limitation on discovery:

**None.**

d. Recommended date for the disclosure of lay witnesses:

**The parties anticipate exchanging witness lists by May 27, 2022.**

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. 26(a)(2).:

**Plaintiff anticipates specially retained experts on the following subjects:  the safe processing of fresh-cut fruit; epidemiology; microbiology (genetic subtyping of *Salmonella*); obstetrics and/or fertility; and infectious diseases.**

**At this time, Defendant anticipates retaining experts in gynecology, reproductive medicine and/or fertility, infectious diseases, and food safety as it pertains to the processing of fresh-cut fruit.**

f. Recommended date for disclosure and report of Plaintiff(s) expert(s):

**July 22, 2022**

g. Recommended date for disclosure and report of Defendant(s) expert(s):

**August 22, 2022**

h. Recommended date for disclosure and report of rebuttal expert(s):

 **September 19, 2022**

i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

 **X** Yes

 i. The parties have electronically stored information in the following formats:

 **The parties are currently identifying custodians and file formats.**

 ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

 **The parties are currently drafting a stipulated protective order and an ESI agreement and search terms. Because counsel for both parties have worked cooperatively on similar claims and defenses and ESI productions in the past, there are presently no issues anticipated.**

j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

 **X** Yes

 i. The case presents the following issues to claims of privilege or of protection as trial preparation materials:

 **The parties have identified a potential issue relating to the discovery of documents or information created between the first outbreak and the second outbreak. Legal counsel (and agents and experts retained to assist them, if any) were involved in the investigation and response to the first**

> outbreak, which may arguably shield certain documents from discovery.
>
> ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?
>
> _X_ No. **The parties are working on an agreed protective order, with provisions including the claw-back of any inadvertently produced protected documents and the filing of documents under seal as needed (with full awareness of this Court's adherence to *Shane Group, Inc. v. Blue Cross Blue Shield*, 852 F.3d 299, 305-06 (2016)).**

7. Recommended discovery cut-off date:

   **Fact Discovery Completed By: September 1, 2022**

   **Expert Discovery (including treating physicians): December 1, 2022**

8. Recommended dispositive motion date:

   **Dispositive motions shall be filed to be heard by February 1, 2023**

9. Recommended date for status conference (if any):

   **August 1, 2022**

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    **The parties attempted an unsuccessful pre-suit mediation with Frank A. Ray. The parties are willing to revisit ADR though private mediation or with the Court but believe additional discovery, particularly with regard to Plaintiff's treatment and condition, is necessary.**

11. Recommended date for a final pretrial conference:

    **April 18, 2023**

12. Has a settlement demand been made? **Yes**

    A response: **Yes**

13. Other pertinent to the scheduling or management of this litigation:

**The parties have discussed that a central point of disagreement is the nature and extent of Plaintiff's injuries. It may therefore be more efficient to stagger expert disclosures and discovery deadlines, with damages expert disclosures and discovery, and potential independent medical examination or interview coming before liability expert disclosures and discovery. Additional information on the damages may allow earlier resolution and alleviate the need for extensive liability expert discovery.**

Signatures:

Attorneys for Plaintiff:

Wesley M. Nakajima (0084563)
Gus J. Lazares (0092206)
**Rittgers & Rittgers**
12 East Warrant Street
Lebanon, OH 45036
(513) 932-2115
(513) 934-2201 (Facsimile)
matt@rittgers.com
gus@rittgers.com

Brendan J. Flaherty (0327657)
**OFT LAW, PLLC**
730 2nd Ave. S., Suite 810
Minneapolis, MN 55402
(612) 268-0383
(888) 239-0559 (Facsimile)
brendan@oftlaw.com

Bartholomew B. Torvik (6302166)
**OFT LAW, PLLC**
701 Main Street, Suite 204
Evanston, IL 60202
(888) 828-7087
(888) 239-0559 (Facsimile)
bart@oftlaw.com

Attorneys for Defendant:

Ryan C. Edwards (0075415)
Anna M. Greve (0099264)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 357-9672
Fax: (513) 381-0205
edwardsr@taftlaw.com

Alyssa L. Rebensdorf (*pro hac vice* application forthcoming) (MN 0296478)
Joelle Groshek (*pro hac vice* application forthcoming) (MN 0398377)
**FAEGRE DRINKER BIDDLE & REATH LLP**
90 S 7th St #2200
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
alyssa.rebensdorf@faegredrinker.com
joelle.groshek@faegredrinker.com